**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GUSTAVO ADOLFO MARQUEZ FREITEZ,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1766-G** |
| **WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Gustavo Adolfo Marquez Frietez, a noncitizen[1] and Venezuelan national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 8. The undersigned set an expedited briefing schedule, Doc. 9, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. **<u>Background</u>**

Petitioner, a citizen of Venezuela, entered the United States in January 2024,[2] without inspection or admission near El Paso, Texas, and was taken into immigration custody shortly thereafter. Pet. at 3; Doc. 11-1 at 1 (Notice to Appear). On January 4, 2024, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Doc. 11-1 at 1. At some point thereafter, Petitioner was released from ICE custody. *See* Pet. at 3 (alleging Petitioner resided with his brother in Dallas, Texas prior to his re-detention). On June 3, 2024, Petitioner filed an application for asylum. Doc. 11-4 (Application for Asylum). He alleges he has no criminal history and has complied with all obligations imposed by immigration authorities. Pet. at 1.

On May 27, 2026, ICE re-detained Petitioner outside of his residence in Dallas, Texas. Doc. 11-2 at 2-3 (ICE Encounter Summary); Doc. 11-3 (Warrant for Arrest).[3] Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Resp. at 4. Petitioner did not allege he requested a bond hearing.

---

[2] Petitioner alleges he entered the United States "in January 2024" while the Notice to Appear alleges Petitioner entered the United States on December 31, 2023. Pet. at 3; Doc. 11-1 at 1. The exact date Petitioner entered the country does not impact the undersigned's analysis.

[3] Petitioner alleges he was re-detained on June 27, 2026—not May 27, 2026. Pet. at 4. The undersigned cites the May 27th date referenced in Petitioner's Warrant for Arrest, Doc. 11-3, and ICE Encounter Summary, Doc. 11-2 at 2-3. The exact date Petitioner was re-detained does not impact the undersigned's analysis.

On August 24, 2026, an IJ ordered Petitioner removed. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Sept. 1, 2026). However, Petitioner has until September 23, 2026, to appeal the removal order to the Board of Immigration Appeals. *Id.* Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 3. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Sept. 1, 2026).

## II. Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Violation of Substantive Due Process**. Petitioner alleges his continued detention when he is "neither a flight risk nor a danger to the community" is arbitrary and violates the Due Process Clause of the Fifth Amendment. Pet. at 6.

- **Count II: Violation of Procedural Due Process**. Petitioner alleges due process entitles him to "receive a prompt, individualized bond hearing" and his detention "without such a hearing" violates the Due Process Clause of the Fifth Amendment. *Id*. at 6-7.

- **Count III: Interference with Due Process Right to Pursue Asylum**. Petitioner alleges his "detention at a remote facility, far from his residence, family, evidence, and prospective counsel" "substantially and unjustifiably burdens" his due process right to apply for asylum. *Id*. at 7.

The undersigned liberally construes Petitioner to be challenging his continued detention without a bond hearing pursuant to 8 U.S.C. § 1226(a). *See* Pet. at 5 (alleging he is "detained under the discretionary detention authority of 8 U.S.C. § 1226(a)"). Respondents

understand the Petition the same way. *See* Resp. at 4 ("Although Petitioner's claims are based upon claimed violations of due process, essentially Petitioner seeks a bond hearing pursuant to 8 U.S.C. § 1226."). He asks the Court to "order Respondents to immediately release [him] from custody under reasonable conditions of supervision" or, alternatively, to "order Respondents to provide [him], within seven (7) days, an individualized bond hearing before an Immigration Judge at which the Government bears the burden of justifying continued detention by clear and convincing evidence, with consideration of ability to pay and alternatives to detention." Pet. at 7.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Petitioner did not need to exhaust administrative remedies.

Respondents first argue Petitioner's "request for habeas relief should be denied because he failed to exhaust his administrative remedies by failing to complete the process of requesting a custody redetermination before the Immigration Judge and taking an appeal to the BIA." Resp. at 5.

However, "exhaustion requirements do not always apply to challenges to immigration detention brought in habeas proceedings," and an immigration habeas

petitioner "is not required to request a bond redetermination hearing before filing his Petition." *Miranda v. Mullin*, No. CIV-26-1004-D, 2026 WL 2390961, at *1 (W.D. Okla. Aug. 17, 2026) (citing *Soberanes*, 388 F.3d at 1310). While generally "the exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief," "the statute itself does not expressly contain such a requirement." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) (citation modified). "Nor does 8 U.S.C. § 1226(a) contain any express exhaustion requirement." *Miranda*, 2026 WL 2390961, at *1; *see also Salvador F.-G. v. Noem*, No. 25-CV-0243, 2025 WL 1669356, at *6 (N.D. Okla. June 12, 2025) ("[Section] 1226 contains no clear rule that requires exhaustion of administrative remedies."); *Becerra-Paredes v. Noem*, No. 26-CV-0549, 2026 WL 1284139, at *7 (D.N.M. May 11, 2026) (R&R) ("Neither the INA nor § 2241 expressly imposes a statutory exhaustion requirement for noncitizens challenging the legality of their detention."); *Repela v. ICE Field Off. Dir. - Denver Field Off.*, No. 26-CV-00552, 2026 WL 776123, at *2 (D. Colo. Mar. 19, 2026) (finding "neither the statutory language of § 1226 nor the habeas statute" expressly contains an exhaustion requirement, and noting regulations "permit" a noncitizen detained under § 1226(a) to request a bond hearing before entry of a final order of removal).

In an immigration habeas matter, "exhaustion is typically nonjurisdictional, and courts treat a rule as jurisdictional only if Congress clearly states that it is." *Salvador F.-G.*, 2025 WL 1669356, at *6 (citation modified); *accord Gonzales v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (explaining administrative exhaustion applies to challenges of final orders of removal but not to challenges to preliminary custody or bond determinations). "Where Congress has not clearly required exhaustion," making it

nonjurisdictional, "sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992), *superseded by statute on other grounds as stated in Woodford v. Ngo*, 548 U.S. 81 (2006) (citation modified); *see also L.G. v. Choate*, 744 F. Supp. 3d 1172, 1181 (D. Colo. 2024) ("When Congress does not require exhaustion in the statute then the district court has discretion to decide if administrative exhaustion is required.").

As such, "even though a noncitizen detained pursuant to § 1226 *may* request a bond hearing, they are not *required* to do so before they can pursue § 2241 habeas relief." *Repela*, 2026 WL 776123, at *2. This is also consistent with district courts in the Tenth Circuit consistently using "sound judicial discretion to find exhaustion unnecessary" for noncitizens seeking a bond hearing. *Molina Ochoa v. Noem*, No. CIV 25-0881, 2026 WL 1256556, at *44-45 (D.N.M. May 7, 2026) (concluding petitioner "does not need to exhaust administrative remedies" before seeking a bond hearing when respondents argued petitioner was detained under § 1225(b)(2)).

In sum, the undersigned is "not convinced that Petitioner is required to exhaust his administrative remedies before the Court can order habeas relief." *Repela*, 2026 WL 776123, at *2. When neither § 2241 nor § 1226(a) clearly requires exhaustion, the undersigned recommends the Court exercise its judicial discretion and conclude Petitioner was not required to request a bond redetermination hearing before filing his Petition.

**B. Section 1226(a) applies to Petitioner's detention.**

Next, while Petitioner does not explicitly allege a violation of the Immigration and Nationality Act ("INA"), the Court must first determine which provision governs his current detention. The two sections of the INA at issue that govern detention of noncitizens

pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges he is "detained under the discretionary detention authority of 8 U.S.C. § 1226(a)" because "no final order of removal has been entered against him." Pet. at 5. Respondents contend Petitioner is properly detained under § 1225(b)(2)(A) but acknowledge binding Tenth Circuit precedent "compels a different outcome." Resp. at 4.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country

are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Munoz v. Holt*, No. CIV-25-1190-G, 2026 WL 2200433, at *3 (W.D. Okla. July 30, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See He v. Blanche*, No. CIV-26-1435-G, 2026 WL 2296120, at *2 (W.D. Okla. Aug. 10, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[4]

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

---

[4] This conclusion is also in accord with persuasive authority in the First, Second, Third, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Buele Morocho v. Warden Phila. FDC*, No. 26-1150, --- F.4th ----, 2026 WL 2546223, at *4 (3d Cir. Aug. 28, 2026); *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1172 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

**C. The proper remedy is a bond hearing.**

Petitioner seeks immediate release or, alternatively, "an individualized bond hearing before an Immigration Judge at which the Government bears the burden of justifying continued detention by clear and convincing evidence, with consideration of ability to pay and alternatives to detention." Pet. at 7. The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Munoz*, 2026 WL 2200433, at *3 (concluding because § 1226(a) governs petitioner's detention, "he is entitled to a bond hearing"); *accord Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("An individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute."). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Sow v. Cerna*, No. CIV-26-1376-G, 2026 WL 2302462, at *2 (W.D. Okla. Aug. 10, 2026) (declining to address a petitioner's burden-shifting claim). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ

within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[5]

**D. The Court should decline to address Petitioner's remaining claims.**

Petitioner also argues (1) his continued detention without a bond hearing violates his rights to substantive and procedural due process and (2) his detention at a "remote facility" "far from his residence, family, evidence, and prospective counsel" violates his due process right to pursue asylum. Pet. at 6-7. If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's remaining claims based on his detention. *See, e.g.*, *He*, 2026 WL 2296120, at *2 (declining to decide a petitioner's additional due process claim when adopting the recommended relief of a bond hearing under § 1226(a)).

## V. <u>Petitioner's Pending Motions</u>

Petitioner also filed a Motion to Prevent Transfer of Petitioner Outside the Jurisdiction of this Court, Doc. 3; an Emergency Motion for Immediate Release, Doc. 4;

[5] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

and an Emergency Motion for Stay of Removal, Doc. 5. Adoption of the undersigned's Report and Recommendation would moot the motions.

## VI. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. Adoption of this recommendation would **MOOT** Petitioner's pending motions, Docs. 3, 4, 5.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **September 9, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **September 14, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 1st day of September, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE